MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Santander Consumer USA Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-11316(RG) |
| KEVIN VANPUTTEN | Chapter 13 |
| | Hearing Date: 4-3-19 |
| | **OBJECTION TO CONFIRMATION** |

Santander Consumer USA Inc., a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED; INTEREST RATE TOO LOW:** Santander holds a first purchase money security interest encumbering a 2008 CHEVROLET TAHOE owned by the debtor. The vehicle is undervalued in the plan and the interest rate is not shown. The vehicle had a clean retail value of $16,625.00 in the January 2018 NADA Official Used Car Guide with assumed mileage of 123,894. The net loan balance at filing was $13,737.90. The debtor has equity in the vehicle. Prime rate of interest is now 5.5%. The plan should be amended to pay Santander the net loan balance of $13,737.90 with *Till* rate of interest at

    6.5%.  The trustee should compute interest.  If interest was pre-computed, the trustee would pay Santander $16,127.87 over 60 months.

b. **Adequate protection payments:**  The plan violates Code sections 361, 1325 and 1326.  It does not pay adequate protection payments.  Santander requests that the trustee pay it adequate protection payments in equal monthly payments each month of $206 per month beginning in February of 2019, (being 1.5% of the net loan balance).  Santander requests that these payments be given super priority administrative expense status and paid ahead of attorney fees, and should continue over the life of the plan.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  Santander must be listed as loss payee or additional insured. **The Debtors must provide Santander with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance.**

    d. Santander must retain its lien on the vehicle following confirmation and until it has been paid in full through the plan, the plan completes and the debtor receives a discharge.

    e. The order of payments must be modified to provide for the priority of adequate protection payments to Santander.

    f. Counsel fees:  Since the debtor has equity in the vehicle, Santander requests a counsel fee of $250 for prosecuting this objection in accordance with 11 U.S.C. 506(b).

/s/ John R. Morton, Jr.

_____
John R. Morton, Jr., attorney for
Santander Consumer USA Inc.

Date: 3-1-19